David M. Friedman
Christopher P. Johnson
David E. Ross
Adina G. Storch
KASOWITZ, BENSON, TORRES
   &amp; FRIEDMAN LLP
1633 Broadway
New York, NY 10019
Telephone:  (212) 506-1700
Facsimile:   (212) 506-1800

*Counsel to David Lichtenstein and Lightstone Holdings LLC*



RECEIVED JUL -8 2009 U.S.D.C. S.D.N.Y. CASHIERS

JUDGE KOELTL

09 CV 6151

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BANK OF AMERICA, N.A.; WACHOVIA BANK,
N.A; and U.S. BANK NATIONAL ASSOCIATION,
as TRUSTEE for MAIDEN LANE COMMERCIAL
MORTGAGE BACKED SECURITIES TRUST 2008-1,

                 Plaintiffs,

           -against-

LIGHTSTONE HOLDINGS, LLC and
DAVID LICHTENSTEIN,

                 Defendants.
------------------------------------------------------------X

**NOTICE OF REMOVAL**

       PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1452, 28 U.S.C. § 157(a), Federal Rule of Bankruptcy Procedure 9027, and further based upon the grounds set forth in this Notice of Removal, defendants David Lichtenstein ("Lichtenstein") and Lightstone Holdings LLC ("Lightstone") (together, the "Removing Defendants"), by and through their attorneys, Kasowitz, Benson, Torres & Friedman LLP, hereby remove this action from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York. This Court has original jurisdiction of this case pursuant to 28 U.S.C. § 1334.

In support of their Notice of Removal, the Removing Defendants state as follows:

1.  This action involves claims brought against the Removing Defendants by certain lenders in a complex commercial real estate financing transaction undertaken in connection with the June 2007 purchase of a hotel chain, Extended Stay Hotels, Inc. ("Extended Stay"), by entities affiliated with the Removing Defendants. Extended Stay was purchased for approximately $8 billion, $7.4 billion of which was financed through a combination of mortgage loans, some of which were subsequently securitized and resold, and so-called "mezzanine" debt (the "Transaction"). In connection with the Transaction, the Removing Defendants entered into a series of agreements with certain lenders which, among other things, are alleged to provide for the guaranty of certain indebtedness up to $100 million in limited circumstances. Removing Defendant Lichtenstein is the Chief Executive Officer, President and Chairman of Extended Stay. Removing Defendant Lightstone Holdings, LLC, is another entity owned by Lichtenstein.

2.  On June 15, 2009, Extended Stay filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York ("Bankruptcy Court"). Extended Stay's bankruptcy case is pending before federal Bankruptcy Court Judge James M. Peck under the case name In re Extended Stay Inc., Case No. 09-13764 (JMP) (Bankr. S.D.N.Y.).

3.  On June 16, 2009, plaintiffs Bank of America, N.A., Wachovia Bank, N.A., and U.S. Bank National Association, as trustee for Maiden Lane Commercial Mortgage Backed Securities Trust 2008-1 (collectively, "Plaintiffs"), filed a summons with notice in the Supreme Court of the State of New York seeking to enforce one of the contractual guaranties entered into by the Removing Defendants in connection with the financing of the Transaction. According to the summons, Plaintiffs are seeking declaratory relief and money damages against the Removing

2

Defendants in excess of $100 million. A copy of the summons with notice is attached hereto as Exhibit A.

4. As of this date, the Removing Defendants have not been served with a complaint and no other proceedings have transpired in the state court action.

5. The issues and agreements at stake in the present action are inextricably linked to Extended Stay's pending bankruptcy proceedings. The connections to the bankruptcy include but are not limited to the following:

   a. First, if the Bankruptcy Court approves Extended Stay's proposed restructuring plan, the Removing Defendants would be relieved of any liability under the alleged guarantees that the Plaintiffs in the instant action seek to enforce.

   b. Second, under the terms of the loan agreements, any recovery awarded to Plaintiffs under the guarantees depends, among other things, upon a threshold determination of the extent of actual losses suffered by Plaintiffs as a result of the bankruptcy filing. Any such determination would be premature while the bankruptcy case is pending.

   c. Third, any recovery awarded under the guarantees would be subject to a contractual *pro rata* allocation agreed upon by the various lenders in the Intercreditor Agreement, as likely to be interpreted by the Bankruptcy Court.

   d. Finally, the prohibition against duplicative recovery requires that, in the unlikely event a judgment is obtained by Plaintiffs in this action, the resulting recovery be applied as an offset to reduce their claims against the bankruptcy estate, thereby potentially increasing the distribution to lenders junior to Plaintiffs.

3

6. Each claim and cause of action in this action is related to the Chapter 11 case. This action is one "arising under title 11, or arising in or related to [a case] under title 11," and this Court therefore has original jurisdiction over this action. 28 U.S.C. § 1334(b). Jurisdiction exists under Section 1334(b) if the case "could conceivably have any effect on the estate being administered in bankruptcy." Celotex Corp. v. Edwards, 514 U.S. 300, 308 n.6 (1995) (quoting Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984)). See In re Cuyahoga Equip. Corp., 980 F.2d 110, 114 (2d Cir. 1992) (adopting the "conceivable effect" standard in the Second Circuit). "Related to" jurisdiction is construed broadly in the Second Circuit to encompass "nearly every matter directly or indirectly related to the bankruptcy." Cal. Pub. Employees' Ret. Sys. v. WorldCom, Inc., 368 F.3d 86, 103 (2d Cir. 2004). A proceeding is "related to" a bankruptcy proceeding even if it does not involve claims against the debtor or the debtor's property. See In re Cuyahoga, 980 F.2d at 114.

7. In addition to the reasons cited above, because the guaranty agreements at issue in the instant action internally reference, and must be construed in connection with, the loan agreements, Intercreditor Agreement and various other agreements central to the administration of Extended Stay's bankruptcy estate, the "conceivable effect" standard is satisfied here.

8. 28 U.S.C. § 1452(a) provides: "A party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." Thus, because this Court has original jurisdiction over Plaintiffs' claims under Section 1334, those claims may be removed to this Court under Section 1452. Further, removal of each claim and cause of action of the civil action to the Bankruptcy Court is authorized by 28 U.S.C. §§ 1452, 1334 and 157 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of

4

the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.) ("Order of Referral"). Removal is in accordance with Rule 9027 of the Federal Rules of Bankruptcy Procedure.

9. Finally, the claims and causes of action subject to removal are "core" matters with respect to Extended Stay's bankruptcy proceedings because their resolution will have a clear and direct impact on property of the estate under 11 U.S.C. § 541. Indeed, the rights and responsibilities of the parties to this action cannot be decided without threshold determinations by the Bankruptcy Court, and certain claims may be mooted altogether if the restructuring plan is approved as proposed. As a result, this action clearly involves matters which "invoke[] substantive right[s] provided by title 11" or that "could arise only in the context of a bankruptcy case." See In re Housecraft Indus. USA, Inc., 310 F.3d 64, 70 (2d Cir. 2002), citing In re Wood, 825 F.2d 90, 96 (5th Cir. 1987).

10. In addition, resolution of the claims asserted in this action will significantly affect the handling and administration of the bankruptcy estate, would involve an estimation of claims or interests for the purpose of confirming a plan of reorganization under Chapter 11, and would affect the adjustment of the debtor/creditor or the equity security holder relationship. Consequently, this action also involves "core" bankruptcy matters under 28 U.S.C. § 157 (b)(2)(A), (B) and (O).

11. If the claims are determined to be non-core matters – and they should be not be – the Removing Defendants consent to the entry of final orders or judgments by the Bankruptcy Court.

12. Pursuant to 28 U.S.C. § 1446(a) and/or Federal Rule of Bankruptcy Procedure 9027(a)(1), all process, pleadings and orders served on the Removing Defendants in the state

5

09-01353-ilg Doc 1-1 Filed 07/10/09 Entered 07/10/09 11:40:18 ntc removal
Pg 6 of 9
Case 1:09-cv-06151-JGK Document 1 Filed 07/08/2009 Page 6 of 9

court action are being filed along with this Notice of Removal, and are attached as Exhibit A hereto.

13. Pursuant to 28 U.S.C. § 1446(d) and/or Federal Rule of Bankruptcy Procedure 9027(b) and (c), promptly after the filing of the instant Notice of Removal with this Court, copies of the instant Notice of Removal (without the attached state court pleadings) will be filed with the Clerk of the Court for the Supreme Court of the State of New York, County of New York and will be served on counsel for the other parties to the removed action.

14. This Notice of Removal is timely filed within thirty (30) days of service of the summons in accordance with 28 U.S.C. § 1446(b) and Fed. R. Bankr. P. 9027(a)(3).

WHEREFORE, the instant action is hereby removed to this Court, and should thereafter be referred to the Bankruptcy Court pursuant to the Order of Referral.

Dated: New York, New York
July 8, 2009

                                          KASOWITZ, BENSON,
                                        TORRES & FRIEDMAN LLP

                                        By: _____

David M. Friedman (dfriedman@kasowitz.com)
Christopher P. Johnson
David E. Ross
Adina G. Storch
1633 Broadway
New York, NY 10019
(212) 506-1700

*Counsel to David Lichtenstein and
Lightstone Holdings LLC*

7

# EXHIBIT A

B 106—Summons with notice, blank court. personal or substituted service. 4-94

© 1993 JULIUS BLUMBERG, INC., PUBLISHER, NYC 10013

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Index No. 601853/09
Date purchased 6/16/09

Bank of America, N.A.; Wachovia Bank, N.A.; and U.S. Bank National Association, as Trustee for Maiden Lane Commercial Mortgage Backed Securities Trust 2008-1

Plaintiff(s) designate(s) Date filed
New York
County as the place of trial. 6/16/09

The basis of the venue is

CPLR Section 509

*against*

**Summons with Notice**

Lightstone Holdings, LLC and David Lichtenstein

*Plaintiff(s)*

Plaintiff(s) reside(s) at

Bank of America, N.A.
900 West Trade St., Suite 650
Mail Code NC1-026-06-01
Charlotte, NC 28255

*Defendant(s)*

To the above named Defendant(s)

**You are hereby summoned** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated, June 16, 2009

Defendant's address:
Lightstone Holdings, LLC, 323 Third St., Lakewood, NJ 08701
Attention: David Lichtenstein

David Lichtenstein, 323 Third St., Lakewood, NJ 08701

**Notice:** The nature of this action is

Suit to enforce guaranty related to commercial real estate mortgage

Attorney(s) for Plaintiff

Office and Post Office Address

KAYE SCHOLER LLP
H. Peter Haveles, Jr.
425 Park Ave.
New York, NY 10022
Attorneys for Plaintiff Bank of America, N.A.

The relief sought is

Declaratory judgment and money damages in excess of $100 million

Upon your failure to appear, judgment will be taken against you by default for the sum of $100 million with interest from June 15, 2009 and the costs of this action.